IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHONIA JACKSON,** § | | |
| **Plaintiff,** § | | |
| § | | |
| vs. § | **CIVIL ACTION NO.** | |
| § | **Jury Demanded** | |
| **THE CITY OF LA MARQUE,** § | | |
| **A Municipality,** § | | |
| **KIRK JACKSON, Individually,** § | | |
| **KENNETH HERNANDEZ, Individually,** § | | |
| **And** § | | |
| **GEOFFREY PRICE, Individually,** § | | |
| **Defendants.** § | | |

**PLAINTIFF STEPHONIA JACKSON'S COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Stephonia Jackson, hereinafter called Plaintiff, complaining of and about The City of La Marque ("The City"), The City of La Marque Police Department ("The Department"), its agents and authorities, Chief of Police Kirk Jackson, Corporal Kenneth Hernandez, and Sergeant Geoffrey Price, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**INTRODUCTION**

1. This is an action for relief from Defendant's violations of Plaintiff's workplace rights. Defendant blatantly violated both federal and state discrimination laws, and unlawfully retaliated against Plaintiff Stephonia Jackson ("Plaintiff") for asserting her protected rights under these laws. Plaintiff was treated differently due to her race and gender compared to than other similarly situated co-workers, in violation of Title of VII of the Civil Rights Act of 1964.

2. Jackson is a Black female police officer who was hired on or around March 2, 2015. Jackson served as a patrol officer until she was terminated on August 20, 2020.

1

3. As a patrol officer, Jackson performed duties of surveillance of the city, managing disputes she was called to, and making arrests of individuals believed to have committed crimes.

4. Plaintiff was hard-working and reliable. She did not have many issues from the date of her hire and remained a productive officer until her termination in August 2020 for allegedly lying to her superiors about an incident involving an arrestee who allegedly urinated in a cell Jackson placed her in.

5. Jackson initially denied that she placed the arrestee in the cell where the arrestee allegedly urinated and purportedly later admitted that she did place the arrestee in the holding cell that the urine was in. An internal affairs investigation of the matter followed in March 2020 wherein later that month or early April it was determined that Claimant had violated policy by lying to her superiors about the incident. No action was taken at this time to reprimand Claimant.

6. Sometime in June 2020 Claimant complained to a supervisor about perceived racist comments made by a fellow White officer regarding "Blacks killing Blacks". Shortly after this complaint Claimant was terminated in August 2020 for violations of Police Department Policy and General Orders regarding the February incident. Defendant's rationale for terminating Plaintiff was clearly a pretext for unlawful discrimination and/or retaliation. Furthermore, Defendant created a hostile work environment during the process of questioning her and investigating her for allegedly lying about where she placed an inmate who may or may not have urinated in a cell and there were no injuries or other issues that came from the incident.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. This Court also has supplemental jurisdiction to hear claims arising under Chapter 21 of the Texas Labor Code pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of Texas because Plaintiff resides in this District, Defendant resides in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

**PARTIES AND SERVICE**

9. Plaintiff STEPHONIA JACKSON is a Black, female citizen of the United States and the State of Texas and resides in Galveston County, Texas. She worked with the La Marque Police Department from March 2, 2015 to August 20, 2020.

10. Defendant THE CITY OF LAMARQUE (THE LAMARQUE POLICE DEPARTMENT) is, on information and belief, a municipality located in Galveston County, Texas, south of Houston. The La Marque Police Department (the "Department") is a department of the City. At the time of her employment Jackson was the only Black female employee of the Department.

11. Defendant KIRK JACKSON is a Caucasian, male citizen of the United States and the State of Texas and resides upon information and belief in Galveston County, Texas. He worked with the La Marque Police Department as its Chief at the time of these events.

12. Defendant KENNETH HERNANDEZ is a Hispanic, male citizen of the United States and the State of Texas and resides upon information and belief in Galveston County, Texas. He worked with the City of La Marque Police Department as a supervising Corporal over Plaintiff at the time of these events.

13. Defendant GEOFFREY PRICE is a Caucasian, male citizen of the United States and the State of Texas and resides upon information and belief in Galveston County, Texas. He worked with the City of La Marque Police Department as a supervising Sergeant over Plaintiff at the time of these events.

14. Pursuant to §17.024(a) of the Texas Civil Practice and Remedies Code, Defendant City of La Marque and the La Marque Police Department may be served by serving its agent for service GORDON & REESE, 1900 W. Loop South, Suite 1000, Houston, Texas, 77027 or its City Attorney Robert E. Booth at City of La Marque, 1111 Bayou Rd., La Marque, Texas 77568-4160.

## NATURE OF THIS ACTION

15. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 to obtain relief for Plaintiff.

16. This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendant's violations of federal employment laws by discriminating and retaliating against Plaintiff, and to secure declaratory, compensatory, and punitive damages to remedy Defendant's commission of unlawful retaliation for Plaintiff's assertion of her protected rights under federal and state employment laws.

## CONDITIONS PRECEDENT

17. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination, hostile work environment, and retaliation was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. *See* Exhibit – (Plaintiff's EEOC Charge).

## FACTUAL ALLEGATIONS

18. Stephonia Jackson, Plaintiff, is a Black female who was, at all times relevant to this cause, employed with the La Marque Police Department commencing on March 2, 2015 to August 20, 2020.

19. The City of La Marque is a municipality located in Galveston County, Texas and covered under federal and state laws prohibiting employment discrimination and retaliation. The La Marque Police Department is a department within the City of La Marque.

20. Kirk Jackson, Defendant, is a Caucasian male who was, at all times relevant o this cause, employed with the La Marque Police Department.

21. Kenneth Hernandez, Defendant, is a Hispanic male who was, at all times relevant to this cause, employed with the La Marque Police Department.

22. Geoffrey Price, Defendant, is a Caucasian male who was, at all times relevant to this cause, employed with the La Marque Police Department.

23. At the commencement of her employ in 2015, Stephonia Jackson was a police officer with the Police Department. She had no issue in her employ until February 2016 when she supported another Black female in her complaint of race discrimination against a white lieutenant. Because of her support of her co-worker, Claimant believes she was subjected to a hostile work environment.

24. Claimant alleges that after her complaint, she was denied extra jobs, questioned about her ability to write reports, sent to remedial training, forced to pay for her own training, and placed on a performance improvement plan in 2017.

25. On February 25, 2020, at approximately 6:47 a.m., Claimant arrested a female. At approximately 6:55 a.m., Claimant escorted the female arrestee into the La Marque Municipal Jail and secured her in a cell. Ultimately the issue that led to the justification for terminating Ms. Jackson revolved around whether Claimant secured the arrestee in a holding cell or a jail cell.

26. Allegedly Jackson placed the arrestee initially in a holding cell, which does not have a toilet. At 8:04 a.m., Claimant removed the arrestee from the holding cell and escorted her

to the cellblock to use the restroom. At 8:04 a.m., Claimant returned the female arrestee to a holding cell where the arrestee remained for allegedly an additional 29 minutes, after which she was transported to a jail cell.

27. Allegedly the same evening around 5:00 p.m., while conducting jail check duties before the start of the night shift, Sergeant Geoffrey Garcia discovered urine on the floor of the holding cell Jackson's arrestee was in. Sgt. Garcia spoke with the day shift supervisor, Cpl. Kenneth Hernandez, who was aware that Claimant had arrested a female earlier that day. Cpl. Hernandez called Claimant and inquired whether or not she placed her arrestee in a holding cell. Claimant informed Cpl. Hernandez that she had not placed her arrestee in a holding cell and that her arrestee was secured directly into a jail cell. To be absolutely clear that he had gotten an accurate response, Cpl. Hernandez allegedly asked Claimant if she had placed her arrestee directly in the jail cell and not in a holding cell, to which Claimant allegedly responded that she had taken her arrestee directly to a jail cell and had not placed her in a holding cell.

28. There was one other arrest made on that same day of February 25th, during the day shift hours. The City Marshal, Russell Washington, made an arrest and placed an arrestee in the holding cell at 1:04 pm. If Jackson's arrestee were the one who had urinated in the holding cell, presuming she was actually placed in a holding cell, the City Marshal presumably made no observation of the urine in the cell when he placed his arrestee in the cell. It could be that the Marshal's arrestee could have been the culprit of the urine in the cell. Sgt. Garcia at some point was told by the City Marshal that the urine was not from his arrestee. Sgt. Garcia believed the City Marshal without further question and presumed that the urine came from Jackson's arrestee.

29. For two additional days on February 28 and 29, 2020, Jackson was questioned by superiors regarding whether she had placed the arrestee in the holding cell where urine was found.

Apparently, the urine was cleaned up without incident and the determination whether Jackson's arrestee or the City Marshal's arrestee urinated in the jail or whether Jackson put the arrestee in a holding cell or a jail cell is inconsequential considering the mountain that this event arose to leading to the termination of Claimant.

30. In March 2020, an internal affairs investigation was opened regarding this incident during which Claimant, Cpl. Hernandez and Sgt. Price, among others, were interviewed. During this investigation, video of the jail was allegedly reviewed, at which time it was purportedly independently confirmed that Claimant had placed her female arrestee in holding cell #2 on February 25, 2020, shortly after arresting her.

31. As a result of its investigation, the City concluded that (a) Claimant had lied to Cpl. Hernandez and Sgt. Price that she had not placed the female arrestee in holding cell #2 on February 25, 202; and (b) it was not until Claimant was presented with the information that the video recordings of holding cell #2 would be reviewed that she allegedly admitted to the truth. The City determined in April 2020 after the internal investigation that Claimant had violated the following Police Department Policy and General Orders:

- Written Directive 600-1, Section 1.2 – **Insubordination** The failure or deliberate refusal of any member to obey any lawful order given by any superior officer shall be deemed insubordination. Mocking the authority of any superior officer by obvious disrespect or by disputing his orders shall likewise be deemed insubordination. Any member who is found to be guilty of insubordination shall be subject to disciplinary action.

- Written Directive 600-1, Section 3.9 – **Truthfulness** Members are required to speak the truth at all times whether under oath or not, in giving testimony, in connection with any lawful order received, or in connection with official duties.

32. After the April 2020 determination no action was taken against Jackson regarding the incident.

33. In June 2020, Claimant complained against a white female officer who made a suggestively racist comment during a shift meeting about – (paraphrasing) "Blacks shooting and killing each other all the time but when an officer kills one it's a problem." Plaintiff was angered and upset by the comment and reported it to a supervisor.

34. Two months after making the complaint regarding another officer's racist comments, Plaintiff was terminated for the incident regarding the February 25, 2020 arrest after allegedly lying to superiors regarding whether she put an arrestee in a holding cell.

### RACE AND GENDER DISCRIMINATION BASED TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

35. Defendant, City of La Marque, by and through its agents and authorities, intentionally engaged in unlawful employment practices and discriminated against Stephonia Jackson on numerous occasions by improperly reprimanding her, creating a hostile work environment, and improperly terminating her for matters other similarly situated employees were not reprimanded or terminated for because of her race and gender in violation of Title VII of the Civil Rights Act of 1964.

36. Plaintiff alleges that Defendant discriminated against her on the basis of race and gender with malice or with reckless indifference to Plaintiff.

37. Defendant, City of La Marque, through its agents and authorities, intentionally engaged in unlawful employment practices and discrimination against Ms. Jackson on the basis of her race in terminating her four months after determining that she allegedly lied to her superior about placing an arrestee in a holding cell where urine was found. The absurd nature and totality of the circumstances of the events which led to Plaintiff's termination, lead to a determination that

the basis used for termination of Jackson was a pretextual justification used to hide a discriminatory intent for the termination of Plaintiff who was the only Black female on the police force at the time.

38.     Plaintiff alleges that Defendant, City of La Marque, by and through its agents and authorities, discriminated against her on the basis of her gender in terminating her for allegedly lying to superiors about whether she placed an arrestee in a holding cell where urine was later found. No other similarly situated employee of another race or gender was fired for allegedly lying about something that was so absurdly menial.

39.     Further, Plaintiff alleges that Defendant, City of La Marque, by and through its agents and authorities, Defendants Kirk Jackson, Kenneth Hernandez, and Geoffrey Price, discriminated against her in creating a hostile work environment. Jackson was asked about whether she placed an arrestee in a holding cell where urine was found on February 25, 2020. Jackson allegedly denied placing the arrestee in the holding cell and stated she placed the arrestee in a jail cell. Although no injury or other incident occurred behind the urine in the cell, and the City Marshal had also placed an arrestee in the subject holding cell that day, Defendants continued to question Plaintiff about the incident for successive days on the 28th and 29th of February about the incident. The purpose for such persistence in determining the genesis of the urine is perplexing and further leading to an internal investigation regarding the situation created a hostile work environment that caused Plaintiff emotional and mental anguish while on the job.

40.     Plaintiff alleges that Defendant discriminated against her in that (1) Plaintiff is a member of a protected class in regards to race and gender (Black, female); (2) Plaintiff suffered adverse employment decisions during her employment (*e.g.*, she was wrongfully terminated and subjected to a harassing work environment); and (3) the circumstances as stated in the above-

mentioned facts show that Plaintiff suffered such adverse employment decisions and/or harassment because of her protected characteristics. Moreover, the above-mentioned facts show that Defendant's purported non-discriminatory reasons for its actions are a mere pretext for discrimination.

### RACE DISCRIMINATION BASED ON 42 U.S.C. § 1981

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

41. Section 1981 addresses racial discrimination in contractual relationships and provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . .
>
> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a)-(c).

42. In order to state a discrimination claim under Section 1981, the plaintiff must sufficiently allege the following: (1) he is a racial minority; (2) the defendant possessed an intent to discriminate on the basis of race; and (3) the discrimination "concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996); see also 42 U.S.C. § 1981(a)-(c).

43. Plaintiff (1) is Black; (2) the defendants, City of La Marque, former Chief Kirk Jackson, and Corporal Kenneth Hernandez at some points in time during Plaintiff's employment possessed an intent to discriminate against Plaintiff on the basis of race; and (3) the discrimination

"concerned one or more of the activities enumerated in the statute. In this case in the making and enforcing of the Plaintiff's contract.

44.     The City through its agent and authority – former Chief Kirk Jackson – discriminated against Plaintiff in wrongfully terminating her because of her race and gender. Plaintiff was investigated for allegedly placing an arrestee in a holding cell where urine was found and then allegedly lying to her superiors about whether she placed the arrestee in the holding cell. An Internal Affairs Investigation was carried out regarding the matter in March 2020 and a determination was made on April 26, 2020, that Plaintiff lied about the incident. No action was taken against Plaintiff at that time. Plaintiff was not even made aware that a determination was made at the time.

45.     In June 2020 Plaintiff complained to a supervisor that she heard a white female police officer make a comment about "Blacks killing Blacks". The police officer was disciplined for the incident but not terminated. Two months after this complaint on August 20, 2020, Plaintiff was terminated for allegedly lying about whether she placed the arrestee in a holding cell where urine was found which had occurred almost six months earlier by this point and four months after a determination was made on the internal investigation. Jackson was given a more excessive discipline than similarly situated employees who were Caucasian because she is Black.

46.     Further, the City, Former Chief of Police Kirk Jackson, Corporal Kenneth Hernandez, and Sergeant Geoffrey Price discriminated against Plaintiff in creating a hostile work environment in persisting to question Plaintiff about an event that was menial in nature and still nebulous as to whether it was Plaintiff's arrestee who urinated in a holding cell. This is the reason that it was even an issue whether Plaintiff placed the arrestee in a holding cell. No injuries came from the incident and there was never any certain determination made whether it was Plaintiff's

11

arrestee who urinated in the holding cell. So the question arises why was there a need to persist in questioning Plaintiff about this situation over a three-day period and then turn it over for an internal investigation. This response was excessive and hostile. But for Plaintiff being Black and female the former Chief and Corporal Hernandez would not have taken these actions wrongfully terminating and harassing Plaintiff in the performance of her contract, a clear violation of 42 U.S.C. § 1981.

## DISCRIMINATION BASED ON 42 U.S.C. § 2000e

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

47. Defendant, The City of La Marque, through its agents and authorities, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and gender in violation of 42 U.S.C. Section 2000e (2)(a).

48. Defendant, The City of La Marque, through its agents and authorities, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

## RETALIATION

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

49. On or about June 2020, Plaintiff complained to a supervisor that a white female officer who made a suggestively racist comment about (paraphrasing) "Blacks shooting and killing each other all the time but when an officer kills one it's a problem" during a shift meeting. After Plaintiff lodged this complaint, she was terminated two months later for allegedly lying about

placing an arrestee in a holding cell where urine was found. A determination on this issue was made on April 26, 2020, some four months before she was terminated so it is highly suspicious that Defendant waited that long to terminate her and only two months after she lodged the complaint regarding the White officer racist comment.

50. The issue regarding the urine in the holding cell was an innocuous incident in which no one was hurt. There was never a clear determination made whether it was Plaintiff's arrestee who urinated in the holding cell. Although the City claims that it was verified that Plaintiff did place her arrestee in a holding cell before placing her in a jail cell, the overarching question is why was this such a big deal for such a minute issue? To the extent that after Plaintiff told her superiors that she did not place the arrestee in the jail cell, it went on to lead to two additional days of questioning regarding the issue and a month-long Internal Affairs Investigation wherein it was determined that Plaintiff lied to her superiors about placing her arrestee in a holding cell on February 25, 2020.

51. No other employee was terminated for allegedly lying about such a minor issue. Further, no other employee was taken through the level of harassment and hostility for such a minor issue as this. Those individuals who were terminated for allegedly lying, were involved in acts that were purportedly much more severe and injurious to the Department and others. The termination of Plaintiff in August 2020 for allegedly lying about where she placed an arrestee was discriminatory and retaliatory.

52. Defendant's discipline and reprimand of Plaintiff constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by Title VII of the Civil Rights Act of 1964.

53. Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who has "made a charge, testified, assisted or participated in" any charge of unlawful discrimination under the Act. (42 U.S.C. Sec. 2000e-3(a)).

54. A plaintiff successfully establishes a prima facie case of retaliation if he demonstrates that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). At the prima facie stage, "a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). [T]he combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 393, 409 (5th Cir. 1999).

55. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff suffered a loss of earnings, job benefits, and suffered emotional distress, anguish and damages; and she has incurred and continues to incur expenses.

56. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper motive amounting to malice and a conscious disregard for Plaintiff's rights. The acts taken towards the Plaintiff were carried out by Defendant acting in a deliberate, callous and intentional manner with a desire to injure and damage.

57. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

58.     Federal statute, 42 U.S.C. Sec. 1981 also prohibits retaliation under the facts listed in this complaint.

## DAMAGES

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

59.     As a direct and proximate cause of the unlawful employment practices of The City of La Marque, Former Chief Kirk Jackson, Corporal Kenneth Hernandez, and Sergeant Geoffrey Price by and through its agents and authorities, Stephonia Jackson sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

  a. Costs and associated necessary expenses to lodge complaint(s) or other charge against The City;

  b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

  c. Back pay from the date that Plaintiff was denied promotion and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

  d. All reasonable and necessary costs incurred in pursuit of this suit;

  e. Expert fees as the Court deems appropriate;

  f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

  g. Inconvenience;

  h. Prejudgment interest;

  i. Loss of earnings in the past;

  j. Loss of earning capacity which will, in all probability, be incurred in the future; and

  k. Loss of benefits.

## EXEMPLARY DAMAGES

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

60.     Plaintiff would further show that the acts and omissions of Defendant City of La Marque, through its agents and authorities as complained of herein, were committed with malice or reckless indifference to her protected rights. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

61.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant City of La Marque, through its agents and authorities described hereinabove, Defendant Kirk Jackson, individually, Defendant Kenneth Hernandez, and Defendant Geoffrey Price, individually:

   a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

   b. Remove all negative written reprimands or otherwise documented demerits from Plaintiff's personnel file.

   c. Take all affirmative action to restore Plaintiff's T-COLE License and remove "dishonorable discharge" status placed on the license by Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Stephonia Jackson, respectfully prays that Defendants City of La Marque, Kirk Jackson, individually, Kenneth Hernandez, individually, and Geoffrey Price, individually, as a result of the unlawful employment practices of its agents and authorities, be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which Plaintiff may be entitled to at law and/or in equity.

Respectfully submitted,

_____
Charles J. Koen
*Attorney for Plaintiff*
Ms. Stephonia Jackson

**PLAINTIFF HEREBY CONTINUES DEMAND FOR TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about this March 13, 2022, I electronically filed the foregoing document, PLAINTIFF STEPHONIA JACKSON'S COMPLAINT AND JURY DEMAND, with the Clerk of the Court for the United States District Court for the Southern District of Texas, Houston Division, using the Electronic Case Filing (E.C.F.) system of the Court. The E.C.F. system sent a "Notice of Electronic Filing" to all listed Counsel who have consented, in writing, to accept this notice as service of this document by electronic means.

_____
Charles J. Koen